**GAS–A–TRON OF ARIZONA and Coinoco, Plaintiffs-Appellants,**

v.

**UNION OIL COMPANY OF CALIFORNIA et al., Defendants-Appellees.**

**PETROL STOPS NORTHWEST, Plaintiff-Appellant,**

v.

**CONTINENTAL OIL COMPANY et al., Defendants-Appellees.**

Nos. 74–3287, 74–3288, 74–3289 and 74–3290.

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1976.

As Modified on Denial of Rehearing and Rehearing En Banc April 29, 1976.

Rehearing En Banc Denied July 6, 1976.

Daniel L. Berman (argued), Salt Lake City, Utah, for appellants.

William Simon (argued), of Howrey, Simon, Baker & Murchison, Washington, D. C., for appellee (Shell Oil).

Robert L. Norris (argued), Houston, Tex., for appellee (Exxon).

## OPINION

Before BROWNING and HUFSTEDLER, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

The district court disqualified all lawyers in the firm of Berman and Giauque ("Berman") from representing the plaintiffs in

---

* Honorable Charles B. Renfrew, Northern District of California, sitting by designation.

these private antitrust actions brought against several major oil companies, including Shell Oil Company ("Shell") and Exxon Corporation ("Exxon"), for as long as these corporations were defendants.[1] Berman appeals. The disqualification order was based on the district court's conclusion that disqualification of the whole firm was necessary to prevent any appearance of impropriety that might result because Berman had hired a young associate who had previously worked for a large law firm that had represented Shell and Exxon in other cases.

Late in 1973, Berman filed these actions against Exxon, Shell and others claiming that they violated the antitrust laws in various respects in their relationships with their dealers and other marketers of refined petroleum products through the United States, with particular emphasis on the West Coast area. In February 1974, Berman hired Richard D. Burbidge as an associate. Mr. Burbidge had been employed by the Los Angeles firm of McCutchen, Black, Verleger & Shea ("McCutchen"), as an associate from August 1, 1972 until January 31, 1974. McCutchen had represented Shell and Exxon in a variety of matters, including some antitrust cases, over a period of many years. During his employment with McCutchen, Burbidge worked on four cases in which that firm represented Shell: (1) He spent 32 hours on an action against Shell filed by a manufacturer to recover the price of a storage tank delivered to Shell. (2) He spent 50.1 hours drafting pleadings and a memorandum in an unlawful detainer action by Shell against one of its dealers. (3) He logged 31.9 hours drafting motions to defeat an action against Shell by a landlord contending that Shell had failed to occupy a service station in violation of a lease provision. (4) He logged about 19 hours formulating a settlement of an action against Shell by one of its former dealers who claimed that Shell had wrongfully terminated his dealership. Mr. Burbidge performed no services in any case on behalf of Exxon. However, he did represent a former Exxon employee in a slander action against the employee and Exxon in which Exxon paid the former employee's legal fees, including compensation for 38.9 hours that Mr. Burbidge noted on his time sheets. Mr. Burbidge also examined a memorandum filed in court by Exxon in support of its motion to dismiss a different class action. In short, Mr. Burbidge performed an assortment of tasks commonly handled by young associates in large law firms, and, among these, he worked on litigation directly and indirectly affecting cases that his firm undertook for Shell and Exxon.

The McCutchen firm retained a large volume of files relative to litigation and other matters that the firm had handled for Shell and Exxon over the years. It is undisputed that these files contained confidential material and that many lawyers in the McCutchen firm had personal knowledge of confidences received from Shell and Exxon. However, Mr. Burbidge flatly denied that he ever reviewed any of the files other than those in the cases earlier described, and he also denied that he received any confidential information from anyone about Shell and Exxon while he was employed by McCutchen. His testimony is uncontradicted.

We fully agree with the following principles stated by the Third Circuit in *Richardson v. Hamilton International Corp.,* 469 F.2d 1382 (1972):

"Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. This means that a court may disqualify an attorney for not only acting

---

1. The two antitrust cases were assigned to different district judges. For the purpose of ruling upon Shell's and Exxon's disqualification motions, the cases were consolidated and the motions were heard and decided by both district judges sitting together. We discuss the case as if a single district judge had issued the order.

improperly but also for failing to avoid the appearance of impropriety.

"[T]he regulation of attorneys appearing before the district court in these matters will be disturbed only when, on review of the record, we can say that the district court abused its permissible discretion." [Footnotes omitted. 469 F.2d at 1385–86.]

■ We recognize that the primary responsibility for controlling the conduct of lawyers practicing before the district court lies with that court, and not with us. We will not disturb the district court's exercise of its discretion in fulfilling that responsibility if the record reveals any sound basis for its discretion disqualifying or refusing to disqualify a lawyer. The record in this case does not support the district court's decision. The district court's disqualification of Mr. Burbidge rested upon its determination that the pending litigation was "substantially related" to the matters in which he had previously represented Shell and Exxon while he was associated with McCutchen. Mr. Burbidge's situation was almost identical to that of the young associates whose claimed disqualification was considered in *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751 (2d Cir. 1975), and *Bonus Oil Co. v. American Petrofina Co.*, No. CV–73–L–165 (D.Neb., May 1, 1975). (*See also Redd v. Shell Oil Co.*, Civ. No. C–104–71 (D.Utah, Sept. 2, 1974), *rev'd on other grounds* 518 F.2d 311 (10th Cir. 1975) (in another case involving Mr. Burbidge, Berman and McCutchen, district court found motion for disqualification a sham). In each case, the court decided that the associate was not disqualified because no substantial relationship existed between the pending litigation and the matters upon which he had worked for the client during his prior association. We agree with the reasoning in those cases. Here, as in those cases, the associate had not actually obtained any confidential information about either Shell or Exxon that would be relevant

to the pending litigation,[2] and he had not worked on matters that were "substantially related" to the pending litigation.

We share the district court's concern for the appearance of impropriety. However, we are convinced that any initial inference of impropriety that arose from Mr. Burbidge's potential physical access to the files of Exxon and Shell and from his association with lawyers who did know confidential information about them was dispelled by evidence that he saw none of the files other than those relating to the cases assigned to him heretofore described and that he heard no confidences about Exxon and Shell from the lawyers with whom he was earlier associated.

■ Berman's disqualification was based solely on Mr. Burbidge's disqualification, and that disqualification vanishes with Mr. Burbidge's nondisqualification.

Reversed.

---

**2.** Unlike *Chugach Electric Ass'n v. United States District Court*, 370 F.2d 441 (9th Cir. 1966), the record provides no basis for an inference that Mr. Burbidge gained any actual knowledge of the private affairs of Shell or Exxon that could have been used by him in these antitrust cases.