December 21, 1977

## 77–72  MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL CRIMINAL DIVISION

### Conflict of Interest—Former United States Attorney

This is in response to your inquiry regarding whether a former Assistant United States Attorney, Mr. A, may represent a potential defendant, Mr. X, in connection with a criminal investigation of one Mr. Z. We understand that the investigation involves Mr. Z's alleged diversion of insurance premiums from union contracts, much of which were skimmed off in commissions and expenses through a self-controlled insurance agency fronted by Mr. X. According to the Attorney-in-Charge of the Los Angeles Strike Force, Mr. A did not participate personally and substantially in the second investigation within the meaning of 18 U.S.C. § 207(a), and that investigation was not under his official responsibility for the purpose of 18 U.S.C. § 207(b).

The Attorney-in-Charge of the Strike Force states that Mr. Z was convicted under 18 U.S.C. § 1954 in March, 1977. He states that Mr. X was collaterally involved in the original "Z" investigation but was not indicted or called as a witness. Mr. A apparently had access to reports on the first investigation and recommended against prosecution of a related tax case against a union official bribed by Mr. Z.

In a conversation with this Office, the Attorney-in-Charge stated that the current investigation of Mr. Z, in which Mr. X is a potential defendant, is entirely separate in time and circumstances from the earlier case with which Mr. A had some connection. As we understand it, there are no informants or transactions common to the two. It therefore appears that the investigation in which Mr. A has been asked to appear is not the same "particular matter" as the earlier investigation and that Mr. A is not prohibited by 18 U.S.C. § 207 from representing Mr. X. For the same reason, we do not believe that DR 9–101(B) of the

American Bar Association Code of Professional Responsibility poses a bar here.[1]

Canon 4 of the Code of Professional Responsibility requires an attorney to preserve the confidences and secrets of a client. In order to prevent an attorney from being in a position where confidences and secrets may have to be revealed, courts have held that a lawyer is barred from representing a client in a matter that is "substantially related" to the subject of an earlier representation in which he may have acquired confidential information. *See, e.g., Gas-A-Tron* v. *Union Oil Co.*, 534 F. 2d 1322 (9th Cir. 1976). As explained above, the two investigations here do not appear to be "substantially related," and the Attorney-in-Charge has informed us he has no reason to believe that Mr. A may have previously acquired any confidential information that may be useful in the present investigation. Based on this understanding, Canon 4 poses no obstacle to the contemplated representation either.

We do not believe that this conclusion is altered by the fact that Mr. A will affiliate himself with a defense counsel who still represents Mr. Z in an appeal from his conviction growing out of the earlier investigation, in which Mr. A would be barred. Nor do we attach much significance to the suggestion that the public may be skeptical that Mr. A, as head of the Special Prosecution Unit, did not have knowledge of the new investigation of Mr. X and Mr. Z. As we understand it, Mr. A did not in fact have any such knowledge, which is the essential point for present purposes.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] DR 9–101(B) provides that an attorney may not accept private employment in a matter in which he had substantial responsibility as a Government employee.