**TRUST CORPORATION OF MONTANA, Personal Representative of the Estate of Marlin Everett Wagner, Deceased, on behalf of Cindy Pilecki, Kirk Wagner, Mark Wagner and Daisy Wagner, the legal heirs of Marlin Everett Wagner, Deceased, Plaintiff-Appellant,**

v.

**PIPER AIRCRAFT CORPORATION, Defendant-Appellee.**

No. 82–3236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1983.

Decided March 8, 1983.

As Amended May 31, 1983.

R. Keith Strong, Chruch, Harris, Johnson & Williams, Great Falls, Mont., for plaintiff-appellant.

Alexander Blewett, III, Jardin, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant-appellee.

Before KILKENNY, WALLACE and SCHROEDER, Circuit Judges.

KILKENNY, Circuit Judge:

Trust Corporation of Montana (Trust Corp.), personal representative of the estate of Marlin Wagner, appeals from an order of the district court refusing to completely disqualify the law firm of Jardine, Stephenson, Blewett and Weaver (Jardine firm) from proceeding as counsel for the defendant, Piper Aircraft Corporation (Piper), in this wrongful death action. We affirm.

## FACTS

On July 23, 1979, the law firm of Smith, Baillie and Walsh (Smith firm) filed this wrongful death action on behalf of Trust Corp. seeking recovery against Piper on the theory of strict liability. Wagner died in July, 1976, from injuries suffered in the crash of his airplane shortly after lift-off. Trust Corp. contends that the airplane, designed, manufactured and sold by Piper was defective and unreasonably dangerous because of a defect in the design of the restraint system.[1]

Piper's counsel, the Jardine firm, had previously represented the deceased, Wagner, in a divorce and several business matters. This prior representation gave the Jardine firm access to confidential information concerning Wagner's financial status. Recognizing the potential conflict of interest, the Jardine firm advised the Smith firm of the prior representation shortly after the complaint was filed.[2] The entire Wagner file was delivered to the Smith firm for review. At that time, the Smith firm told the Jardine firm that it would review the file and contact them if there were any objections to the Jardine firm's continued representation of Piper. The Smith firm kept the Wagner file in its possession for approximately two years and six months, until February, 1982. During this extensive period of time, no complaint or objection was communicated regarding the Jardine firm's representation of Piper.

On September 14, 1981, more than two years after the lawsuit was filed, Trust Corp. substituted the law firm of Church, Harris, Johnson and Williams (Church firm) for the Smith firm. The Church firm, likewise, raised no objection to the prior representation until February 9, 1982, during a deposition. On February 19, 1982, just 33

1. Two other lawsuits arose out of this airplane crash: *Daisy Wagner v. Piper Aircraft Corp.,* D.C. No. CV–79–11 (resulting in a verdict in favor of Piper), *aff'd* by memorandum, No. 81–3593 (CA9 November 5, 1982); and *Betty Mathieu v. Piper Aircraft Corp.,* D.C. No. CV–79–44 (settled prior to trial).

2. In an affidavit, unrefuted by Trust Corp., Alexander Blewett III, an attorney with the Jardine firm, explained how the Smith firm was advised of the prior representation:

"When your affiant [Blewett] received the assignment for the defense of this case from Piper Aircraft Corporation, he immediately advised Trust Corporation of Montana's counsel, Dennis Clarke, of the law firm of Smith, Baillie & Walsh. Not only did your affiant advise Mr. Clarke of the prior representation, but your affiant fully disclosed the entire contents of the Marlin Wagner file to him. A discussion was had with Mr. Clarke by this affiant as to whether Mr. Clarke had any objection to this affiant acting as attorney for Piper Aircraft Corporation in light of this previous representation of Marlin Wagner. *Mr. Clarke advised this affiant that he would discuss the matter with Mr. James R. Walsh, another attorney in his law firm, and that he would advise this affiant if he had any objection to this affiant's representation of Piper Aircraft Corporation.* Mr. Clarke kept the entire Marlin Wagner file in his possession until February, 1982, at which time he delivered the file to this affiant upon request. *At no time did Mr. Clarke or Mr. Walsh voice any complaint whatsoever concerning this affiant's representation of Piper Aircraft Corporation in this case,* and therefore this affiant continued in the defense of this action." [Emphasis supplied].

days prior to the scheduled trial date, Trust Corp. filed a motion to disqualify the Jardine firm. By this time, most of the trial preparation and discovery, which involved numerous interrogatories, the taking of approximately 20 depositions, and various motions and briefs, had been completed. Although the Jardine firm's work product infiltrated the entire case, it was principally directed to the development of expert testimony on the issue of liability. Moreover, Trust Corp. had actually known of, but failed to object to, the Jardine firm's representation for approximately two years and six months before filing the motion to disqualify.

The district court found that there was a possible conflict of interest between the prior representation and the compensatory damages feature of the trial. However, the court found no conflict of interest with respect to the liability feature of the trial. Consequently, the court ordered the trial bifurcated. The Jardine firm was permitted to proceed as counsel for Piper in the liability phase of the trial, but prohibited from preparing and presenting the compensatory damages phase of the trial.

### ISSUE

Whether the district court abused its discretion in refusing to disqualify the Jardine firm from proceeding in this action as counsel for Piper.

### STANDARD OF REVIEW

■ The district court has the responsibility for controlling the conduct of attorneys practicing before it. *In re Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1358 (CA9 1981), *cert. denied*, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 1850 (1982); *Trone v. Smith*, 621 F.2d 994, 999 (CA9 1980). An order disqualifying or refusing to disqualify counsel will not be disturbed if the record reveals any sound basis for the district court's action. *Gas-A-Tron of Ari-*

zona v. Union Oil Co. of California, 534 F.2d 1322, 1325 (CA9), *cert. denied*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976). Thus, this court will not reverse absent an abuse of discretion. *Trone, supra,* 621 F.2d at 999.

### DISCUSSION

■ In *Trone, supra,* this court adopted an attorney disqualification rule designed to implement the canons of the Code of Professional Responsibility with respect to representing a party opposing a former client.[3] We held that the "relevant test for disqualification is whether the former representation is 'substantially related' to the current representation." *Id.* at 998; *see Gas-A-Tron of Arizona, supra,* 534 F.2d at 1325; *Westinghouse Electric Co. v. Gulf Oil Corp.,* 588 F.2d 221, 223 (CA7 1978). "Substantiality is present if the factual contexts of the two representations are similar or related." *Trone, supra,* 621 F.2d at 998. Generally, when the district court finds a substantial relationship the attorney should be disqualified. However, the former client may expressly or impliedly waive his objection and consent to the adverse representation. *See In re Yarn Processing Patent Validity Litigation,* 530 F.2d 83, 89 (CA5 1976); *Consolidated Theatres v. Warner Bros. Circuit Management Corp.,* 216 F.2d 920, 926 (CA2 1954).

■ It is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right. *See Central Milk Producers Co-op v. Sentry Food Stores,* 573 F.2d 988, 992 (CA8 1978); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (CA10 1975). The record in this case is clear that Trust Corp. knew of the Jardine firm's prior representation of Wagner for approximately two years and six months before objecting or filing a motion to dis-

---

**3.** The *Trone* court stated that the disqualification rule was necessary to "implement the following canons of professional ethics: Canon 1 (maintaining integrity and confidence in the legal profession); Canon 4 (preserving confidences and secrets of a client); Canon 5 (exer-

cise of independent professional judgment); Canon 6 (representing a client competently); Canon 7 (representing a client zealously within bounds of the law); Canon 9 (avoiding even the appearance of professional impropriety)." *Trone, supra,* 621 F.2d at 999.

88

qualify. Moreover, it is undisputed that early in the pretrial stages of this action, the Smith firm, after receiving the Wagner file, told the Jardine firm that it would be contacted if there were any objections to its continued representation of Piper. However, no objections were communicated until February, 1982, just prior to the scheduled trial date. Under these circumstances, we hold that Trust Corp.'s failure to object within a reasonable time, coupled with the long delay in filing a motion to disqualify, constitute a *de facto* consent to the Jardine firm's continued representation of Piper and a waiver of its right to object.

As stated in *Redd v. Shell Oil Co., supra,* "lawyer conflict of interest problems ought to be brought up long before the date of trial in an atmosphere which does not cast a shadow over the trial itself." 518 F.2d at 316. Trust Corp.'s failure to timely object and its lengthy delay in filing a motion to disqualify cannot be tolerated where, as here, disqualification would certainly cast a shadow over the trial. Our holding, however, is limited to deciding whether the district court abused its discretion when it refused to disqualify the Jardine firm from all participation in the case. Because the appellee has not challenged the district court's order of partial disqualification, we need not consider whether the district court abused its discretion in bifurcating the trial and ordering a partial disqualification. The district court may reexamine its order on bifurcation in light of this opinion.

### JURISDICTION

We note that upon certification by the district court, this court granted a petition for permission to appeal from the interlocutory order pursuant to 28 U.S.C.A. § 1292(b). Consequently, we have jurisdiction. *Gough v. Perkowski,* 694 F.2d 1140 (CA9 1982), is concerned with 28 U.S.C. § 1291. As such, it does not apply to this record and is not before us for review or consideration.

### CONCLUSION

The order of the district court is AFFIRMED.