In re Consolidated Estates of CENTRAL PACIFIC FREIGHT LINES, INC., an Oregon corporation, Central Pacific Freight Lines, Inc., an Oregon corpora-tion, Debtors.

Bankruptcy Nos. 384–04161, 386–01366.

United States Bankruptcy Court,
D. Oregon.

June 12, 1986.

Henry Kane, Portland, Or., for debtors.

Bruce M. Hall, Portland, Or., for OK Delivery Systems, Inc., Mount Trailer Company, and DSU, Inc.

## ORDER DENYING MOTION TO DISQUALIFY

ELIZABETH L. PERRIS, Bankruptcy Judge.

Central Pacific Freight Lines, Inc. ("Debtor") moved to disqualify the law firm of Hall, McGrory & Buell from further representation of creditors OK Delivery Systems, Inc., Mount Trailer Company, and DSU, Inc., in this proceeding.

The Debtor bases its motion on the fact that the Hall law firm represented Central Pacific Freight Lines in the case of *Ahern, et al. v. Gaussoin, et al,* 611 F.Supp. 1465 (1985) in the United States District Court for the District of Oregon and obtained confidential information during that representation. The Hall firm contends that it represented Diana Schlegel, dba Central Pacific Freight Lines, not the Debtor, in the *Ahern* litigation. The Hall firm's position is consistent with the schedules originally filed in this proceeding which do not list as an asset the claim asserted in the *Ahern* litigation and the information which the Debtor gave Michael Williams, its original attorney in these proceedings. The Hall firm further contends that since the *Ahern* litigation is not significantly related to the matter before this Court, it did not obtain confidential information in the *Ahern* litigation which would be useful in these proceedings.

This Court has the authority, and indeed the responsibility, to disqualify attorneys whose conduct falls below the standards set by the legal profession. *Gas-A-Tron of Arizona v. Union Oil Co. of California,* 534 F.2d 1322 (9th Cir.) cert. denied 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976). Rule 110–3 of the Local Rules of the United States District Court for the District of Oregon requires that all attorneys practicing in this district comply with the standards of professional conduct required of members of the Oregon State Bar. The President of the Debtor raised the allegations which form the basis of the motion before this Court in a complaint which she filed against Mr. Hall with the Oregon State Bar. The State Professional Responsibility Board of the Oregon State Bar ("SPRB") dismissed the complaint because it "did not find a basis for concluding that Mr. Hall should be formally charged by the Bar with disciplinary rule violations." (Letter from George Riemer to Henry Kane dated May 30, 1986).

This Court concurs with the SPRB. The Debtor has failed to meet its

burden of proving that the Hall firm has a conflict of interest under the standard set forth in the case of *In re Brandsness*, 299 Or. 420, 702 P.2d 1098 (1985). The Debtor has failed to prove that it, rather than Diana Schlegel dba Central Pacific Freight Lines, had an attorney-client relationship with the Hall firm. Even if such a relationship existed, the Debtor has failed to prove that the matter before this Court is significantly related to the *Ahern* matter.

For the foregoing reasons, the Debtor's motion to disqualify the law firm of Hall, McGrory & Buell is denied.