WARNER, Judge,
concurring specially.
I concur in the denial of the petition for writ of certiorari because the client consented to the representation; because the insurance company has no standing to assert this claim; and because petitioners have failed to prove substantial prejudice. I address all three in determining these issues.
Under federal rules of professional conduct, which are the same as Florida rules, the courts have held that a law firm is not disqualified from representing a party suing its former client in the presence of consent of the former client who has full knowledge. American Special Risk Ins. Co. v. Delta American Re-Ins. Co., 634 F.Supp. 112 (S.D.N.Y.1986); In re Yarn Processing Pat. Validity Litig., 530 F.2d 83 (5th Cir.1976). That case is particularly apropos wherein it is stated:
To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own real purposes where a genuine conflict might not really exist. It would place in the hands of the unauthorized surrogate powerful presumptions which are inappropriate in his hands.
Id. at 90.
A variety of other federal cases also uphold the principle that a client’s consent prevents disqualification: Cox v. American Cast Iron Pipe Co., 847 F.2d 725 (11th Cir.1988); Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85 (9th Cir.1983); Zimmerman v. Duggan, 81 B.R. 296 (E.D.Pa.1987); INA Underwriters Ins. Co. v. Nalibotsky, 594 F.Supp. 1199 (E.D.Pa.1984); Black v. Missouri, 492 F.Supp. 848 (W.D.Mo.1980), and Rossworm v. Pittsburgh Corning Corp., 468 F.Supp. 168 (N.D.N.Y.1979).
The insurance companies claim, however, that since they “stand in the shoes of the insured,” they have standing to assert a conflict of interest and prevent the adverse representation even in the face of the former client’s consent. Whatever rights they may have to assert defenses which their insured may be entitled to assert, see Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla.1986), I do not believe that such standing extends to the assertion of a privilege which is personal to the individual. See § 90.502, Florida Statutes (1987) and Rule 4-1.7-9, Rules of Professional Conduct. To authorize the right of a third party who is not the client or his legally appointed *603 representative to assert the rights of a client would change markedly the nature of the attorney/client relationship.
Although petitioners place great reliance on Andrews v. Allstate Ins. Co., 366 So.2d 462 (Fla. 4th DCA 1978), that case was decided under the former Canon 9 of the Code of Professional Responsibility “appearance of impropriety” standard which has been superseded by Rule 4 of the Rules of Professional conduct. Furthermore, Rule 4-1.9, Rules of Professional Conduct, provides protection from the type of prejudice which petitioners alleged, but did not prove, to the trial court.