190

## CIRCUIT COURT OF THE CITY OF RICHMOND

Stamford Y. Niou
and Morgan Stanley
Dean Witter

v.

Charles W. Austin, Jr.,
Dan Hardin
and Laurie Hardin

June 24, 2002

Case No. HS-456

By Judge T. J. Markow

This case comes before the Court on a verified Bill of Complaint for Declaratory and Injunctive Relief seeking to have defendant Austin disqualified from and enjoining his continued representation of defendants Dan and Laurie Hardin in the matter of *Hardin v. Morgan Stanley Dean Witter et al.*, a pending arbitration with the National Association of Securities Dealers. Austin demurred to the Bill of Complaint.

Complainants allege that Austin's representation of the Hardins in the current arbitration matter following his representation of Niou is a conflict of interest prohibited by Rules of Professional Conduct, Rule 1.9.

Austin claims that the facts do not rise to the level of disciplinary violation alleged, that the current matter is not substantially related to the matter between Niou and Paine Webber, and that the information in question is publicly available. Additionally, Austin demurrers based on Morgan Stanley's lack of standing.

During the trial of the matter, the Court overruled Austin's demurrer and took the Bill of Complaint under advisement.

The relevant facts are as follows. In 1990, Niou was dismissed from Paine Webber as a result of customer complaints of, inter alia, unauthorized trading. In 1993, he contacted Austin with regard to filing a possible defamation charge against Paine Webber and a malpractice claim against the attorney who represented him and Paine Webber in an arbitration proceeding instigated by the former customers. Niou and Austin discussed the circumstances surrounding Niou's departure from Paine Webber, including the allegedly defamatory statements in the Central Registration Depository or CRD. Austin advised Niou that the statute of limitations had run on his claims and neither was pursued.

In June of 2001, Austin, on behalf of the Hardins, filed claims against complainants and Christopher T. White, alleging breach of fiduciary duty, gross negligence, violation of the Virginia Securities Act and the Securities Exchange Act, and actual and constructive common-law fraud. Upon learning of Austin's attorney-client relationship with Niou, counsel for Morgan Stanley informed Austin of the conflict of interest and requested that he disqualify himself from further representation of the Hardins in the pending arbitration. Upon Austin's refusal to disqualify himself, Morgan Stanley filed their Verified Bill of Complaint which brought the matter before this Court.

In order to establish that an attorney should be disqualified, the movant must establish both (1) that an attorney-client relationship existed with the alleged former client and (2) that the former representation and the current controversy are substantially related. *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 730 (E.D. Va. 1990).

The evidence is clear from both Niou and Austin that the latter counseled the former following a consultation and review of the circumstances surrounding Niou's departure from Paine Webber. Thus, the Court finds that the existence of an attorney-client relationship is proven.

The evidence is also clear that the Hardins' complaint against Niou not only mentions the conduct that is alleged to have led to his dismissal from Paine Webber but alleges similar claims of unauthorized trading. Thus, the Court finds that the substantial relationship between the matters is proven.

Further, "In determining whether to disqualify counsel, the trial court is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273, n. 3 (4th Cir. 1977) (quoting *Gas-A-Tron of Arizona v. Union Oil Co. of California*, 534 F.2d 1322, 1324-25 (9th Cir. 1976)), as cited in *United States v. Franklin*, 177 F. Supp. 2d 459, 464 (E.D. Va. 2001).

Therefore, since complainants have satisfied both prongs of the Tessier test and have previously been found to have standing in the matter, the Court orders that the Verified Bill of Complaint for Declaratory and Injunctive Relief is hereby granted and defendant Charles Austin, Jr., Esq., is disqualified from representing Dan and Laurie Hardin in the pending arbitration before the National Association of Securities Dealers.