MEMORANDUM **
Warren N. Richards, IV, sued his former employer, Holsum Bakery, Inc. (“Hol-sum”), for breach of contract. He filed this appeal from the district court’s award of $13,000 in attorneys’ fees as a sanction for his attorney meeting with one of defendant’s employees. When the district court indicated that, pursuant to Richards’s request, it would remand the case to state court, Richards filed a notice of appeal from the sanction orders. We dismiss this appeal for lack of appellate jurisdiction, and, treating Richards’s filings as a petition for a writ of mandamus, we deny the petition.
I
Richards filed an action in the Superior Court of Arizona, Maricopa County, alleging breach of contract and seeking recovery of back salary and healthcare benefits. Holsum removed the case to the United States District Court for Arizona asserting that Richards’ claims were governed by the federal Employee Retirement Income Security Act (“ERISA”). While the parties were contesting the scope of discovery relevant to whether Richards’s claims were governed by ERISA, Richards and his attorney, Daryl Williams, met with Nichole de Parra, who was then Holsum’s Assistant Director of Human Resources, outside the presence of opposing counsel, and procured a statement from her.
Holsum cried foul and filed a motion to disqualify counsel, asserting that Richards’s attorney had violated Arizona Ethics Rule 4.2. The District Court agreed, and on November 5, 2009, issued an order denying Holsum’s motion to disqualify Williams, but granting Holsum attorneys’ fees, and directing that a copy of the court’s order be delivered to the Arizona State Bar. The district court reasoned that pursuant to Lang v. Superior Court, 170 Ariz. 602, 604, 826 P.2d 1228 (Ct.App.1992), de Parra was “a managerial employee that exercises managerial responsibility on behalf of the organization.” The court also concluded that Williams knew, or should have known, that de Parra was a person with managerial responsibilities, and that contacting her violated Rule 4.2. On June 25, 2010, the district court issued an order awarding Holsum $13,000 in attorneys’ fees.
The Arizona Bar considered the district court’s order, but declined to take action against Williams, "finding that he lacked the requisite mental state for a violation of Rule 4.2, even though it appeared likely that his action was prohibited by the rule.
Richards then filed a motion to set aside the sanction order. On February 22, 2011, the district denied the motion, explaining that pursuant to Gas-A-Tron of Arizona v. Union Oil Co., 534 F.2d 1322, 1324-25 (9th Cir.1976), it had an independent duty to examine charges of violations of ethical *740 responsibilities and to maintain public confidence in the legal profession.
Meanwhile, Richards continued to seek the remand of his case to state court. In March, 2010 he had filed an amended complaint that omitted the contract claim that was allegedly preempted by ERISA. In late spring 2011, the district court indicated that pursuant to the amended complaint it might not have jurisdiction over the case and would remand it to the state court. On August 1, 2011, Richards filed a notice of appeal seeking review of (1) the November 5, 2009 order granting in part Hol-sum’s motion for disqualification, (2) the June 25, 2010 order awarding $13,000 in attorneys’ fees, and (B) the February 22, 2011 order denying plaintiffs motion to set aside the court order.
II
The appeal is dismissed for two reasons. First, the notice of appeal was not filed within 80 days of any appealable order as required by Federal Rule of Appellate Procedure 4(a). The Supreme Court has consistently held that the filing of a notice of an appeal within the prescribed time is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that “taking of an appeal within the prescribed time is mandatory and jurisdictional”).
Second, following the Supreme Court’s opinion in Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009), the sanction order is not an appealable order under the collateral order doctrine. In Mohawk, the Supreme Court, in addressing the third factor of the test set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), held that courts do:
not engage in an “individualized jurisdictional inquiry.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 473 [98 S.Ct. 2454, 57 L.Ed.2d 351] (1978). Rather, our focus is on “the entire category to which a claim belongs.” Digital Equipment [Corp. v. Desktop Direct, Inc.], 511 U.S. [863], 868 [114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) ]. As long as the class of claims, taken as a whole, can be adequately vindicated by other means, “the chance that the litigation at hand might be speeded, or a ‘particular injustice]’ averted,” does not provide a basis for jurisdiction under § 1291.
Mohawk, 558 U.S. at 107, 130 S.Ct. 599 (parallel citations omitted). Here, as Richards admitted at oral argument, appellate review of most discovery sanction orders may await the entry of a final judgment. Because the “class of claims, taken as a whole” need not be immediately appealed, the district court’s sanction orders are not appealable under the collateral order doctrine.[1]
Ill
The determination that the sanctions orders are not subject to appeal pursuant to the collateral order doctrine does not leave Richards without a remedy. As the Supreme Court noted in Mohawk, he may seek appellate review by filing a petition for a writ of mandamus. See 558 U.S. at 111, 130 S.Ct. 599. Accordingly, we consider Richards’s filings as a petition for *741 writ. See 19 Moore’s Federal Practice, § 204.04[5] (3d ed.2012).
Applying the five factor standard set forth in Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1146 (9th Cir.2005), we decline to issue a writ. The district court’s sanctions award was not “clearly erroneous as a matter of law,” does not represent an “oft-repeated” error or patent “disregard of the federal rules,” and does not raise “new and important problems” or legal issues of first impression. See id. The district court considered the applicable Arizona law, Lang, 170 Ariz. at 604, 826 P.2d 1228, reasonably applied that law, and acted according to its responsibility for controlling the conduct of lawyers practicing before it, see Gas-A-Tron of Ariz., 534 F.2d at 1324-25.
This appeal is dismissed for lack of appellate jurisdiction, and, treating Richards’ filings as a petition for a writ of mandamus, the petition is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We need not determine whether the district court's remand order could be appealed in light of 28 U.S.C. § 1447(d), but see Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 636-39, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009), or whether the Supreme Court’s approach in Mohawk would still apply, because Richards did not file a notice of appeal from that order.