NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ATOPTECH, INC.**

---

2014-124

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 3:13-cv-02965-MMC, Judge Maxine M. Chesney.

---

**ON PETITION**

---

Before RADER, *Chief Judge,* NEWMAN and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## O R D E R

ATopTech, Inc. seeks a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order granting plaintiff Synopsys, Inc.'s motion to disqualify ATopTech's law firm, O'Melveny and Myers LLP (OMM). Synopsys opposes. ATopTech replies. ATopTech also moves to stay district court proceedings. Synopsys opposes.

The petition arises out of a suit brought by Synopsys alleging, among other things, that ATopTech infringes Synopsys's patents related to electronic design automation (EDA). EDA software simplifies the design process by mapping the layout of a chip with cells (placement), connecting those cells (routing), and testing the chip.

The primary issue related to this petition is ATopTech's alleged infringement of U.S. Patent No. 6,507,941 ("the '941 patent"). The '941 patent relates to methods for placement and routing. The '941 patent was originally issued to Magma Design Automation, Inc. (Magma) in 2003 and was acquired by Synopsys when Magma merged with Synopsys effective February 2012. Magma's major EDA product was known as Blast, and Synopsys continues to sell the product under the name Talus. OMM represented Magma in the merger. OMM began to represent the alleged infringer, ATopTech, in the present suit in 2013.

Previously in 2004, OMM had also represented Magma when it was sued by Synopsys in the United States District Court for the Northern District of California. Synopsys alleged that Magma's Blast product infringed three EDA patents issued to Magma but which Synopsys alleged it owned. Two of those patents featured claims directed to routing.

OMM also represented Magma when Magma was sued by Synopsys in the United States District Court for the District of Delaware in 2005. The suit involved claims that Magma's products infringed three of Synopsys's patents. Magma counterclaimed to assert five of its own EDA patents against Synopsys, but Magma did not assert the '941 patent.

In the instant case, Synopsys alleges that ATopTech infringes the '941 patent, U.S. Patent No. 6,237,127, and copyrights. Based on OMM's prior representation of Magma at a time when Magma owned the '941 patent and

when Magma's products and other related patents were in litigation, Synopsys moved to disqualify OMM as counsel for ATopTech. Synopsys noted, inter alia, the relatedness of the previous representations of Magma in EDA infringement cases. Two of the OMM attorneys who entered appearances in the present action had also previously represented Magma. At that point, OMM announced it created a "screen" to prevent disclosure of confidential information and asserted that its attorneys had not shared any confidential information. After a hearing, the district court granted the motion to disqualify OMM. ATopTech petitions this court for a writ of mandamus to overturn that ruling.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *see Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

The United States Court of Appeals for the Ninth Circuit, whose law we apply here, has made clear that "the district court has the prime responsibility for controlling the conduct of lawyers practicing before it, and that an order disqualifying counsel will not be disturbed if the record reveals 'any sound' basis for the district court's action." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 658 F.2d 1355, 1358 (9th Cir. 1981) (citing *Gas-A-Tron of Arizona v. Union Oil Co. of California*, 534 F.2d 1322, 1325 (9th Cir. 1976)).

4                                                      IN RE ATOPTECH, INC.

The district court stated that if a substantial relationship was shown between the current and former representations, a conclusive presumption arises that confidential material information was transmitted to the attorneys. ATopTech does not disagree with this statement of Ninth Circuit law, but instead disputes that Synopsys made a showing of a substantial relationship. The district court found that Synopsys met this heavy burden because it made "a sufficient showing that the '941 patent was discussed or the probability of it having been discussed." The district court also found that there was "a relevant overlap in the products that were at issue in the former case and now will be at issue again," and stated that because of "the long relationship that [OMM] had with Magma and the thoroughness . . . of [OMM's] work, in general," disqualification of OMM was appropriate. We determine that the district court had a sound basis for disqualifying OMM. Therefore, mandamus relief is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for a writ of mandamus is denied.

(2)  The motion for a stay is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26