**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY ENGLEBRICK and ROXANNE HERNANDEZ, | No. 13-56067 |
| Plaintiffs - Appellants, | D.C. No. 8:08-cv-01296-CJC-MLG |
| v. | |
| WORTHINGTON INDUSTRIES, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| BRADLEY ENGLEBRICK and ROXANNE HERNANDEZ, | No. 13-56780 |
| Plaintiffs - Appellees, | D.C. No. 8:08-cv-01296-CJC-MLG |
| v. | |
| WORTHINGTON INDUSTRIES, INC. and WORTHINGTON CYLINDERS WISCONSIN, LLC, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before: KOZINSKI and CALLAHAN, Circuit Judges, and KORMAN,[**] Senior District Judge.

Plaintiffs Bradley Englebrick and Roxanne Hernandez brought a products liability action against the defendants Worthington Industries, Inc. and Worthington Cylinders Wisconsin, LLC (together, "Worthington"), alleging injuries arising out of an explosion involving a gas cylinder. Worthington's defense turned on whether Plaintiffs were under the influence of methamphetamine ("meth") and were using the cylinder to smoke meth at the time of the accident. During discovery, Plaintiffs repeatedly lied under oath about their history of meth usage and when they had last consumed meth before the accident. After four years of litigation, they admitted this perjury while testifying during the second week of trial. The district court granted Worthington's motion to dismiss the complaint on the basis of Plaintiffs' perjury, but it denied Worthington's motion for monetary sanctions against Plaintiffs' counsel. Plaintiffs appeal from the dismissal of the action, and Worthington appeals from the district court's denial of the motion for

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

monetary sanctions. We affirm the district court's dismissal of the action but remand for the district court to hold an evidentiary hearing on Worthington's motion for monetary sanctions.

## I

The district court's award of sanctions, including a dismissal pursuant to the court's inherent power and Federal Rule of Civil Procedure 37, is reviewed for abuse of discretion. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995); *F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986) (citing *United States v. Associated Convalescent Enters.,* 766 F.2d 1342, 1345 (9th Cir. 1985)). A dismissal can only be disturbed where "the record creates a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (internal quotation marks omitted). "The district court's factual findings may not be set aside unless they are clearly erroneous. In particular, the district court's credibility determinations are entitled to special deference." *Anheuser-Busch*, 69 F.3d at 348 (citations omitted).

A district court's denial of a request to continue an evidentiary hearing is also reviewed for abuse of discretion. *See Lambright v. Ryan*, 698 F.3d 808, 825-26 (9th Cir. 2012); *United States v. Ayers*, 924 F.2d 1468, 1481 (9th Cir. 1991).

## II

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions," and dismissal is authorized "where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle*, 709 F.2d at 589. Moreover, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Id*. We have affirmed dismissal of a civil action under the court's inherent power as an appropriate sanction for falsifying a deposition. *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991). Here, the district court followed our opinion in *Halaco Engineering Co. v. Costle*, 843 F.2d 376 (9th Cir. 1988) (as amended). In that case, we held that in determining whether to exercise its inherent power to dismiss:

> A district court must determine (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice

4

to the party victim of the misconduct, and (6) the government interests at stake.

*Id*. at 380.

We agree with the district court that consideration of these factors fully supports the dismissal of Plaintiffs' claims. The record endorses the trial court's determination that Plaintiffs had repeatedly lied under oath during the pretrial proceedings about a topic essential to Worthington's defense, and that Plaintiffs' deception made it "impossible for the Court to believe a word that Plaintiffs have to say at trial about the fire or anything having to do with it." These are indeed extraordinary circumstances, and the Plaintiffs have demonstrated willfulness and bad faith. No lesser sanctions would be adequate. Striking Plaintiffs' testimony entirely would only unburden them of their difficult cross-examination, and holding that the cylinder was misused would not compensate Worthington for the extensive resources it expended in order to disprove Plaintiffs' false testimony. Moreover, the nexus between the misconduct and the sanction is clear, as is the harm to Worthington from Plaintiffs' prevarication. Finally, although the district court was not required to consider governmental interests, the court reasonably concluded that "there is no public interest in allowing cases to proceed in which a party's misconduct has 'infected all of the pretrial procedures and interfered

5

egregiously with the court's administration of justice'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d, 915, 917 (9th Cir. 1987)).

Plaintiffs have failed to show that the district court abused its discretion in dismissing their complaint as a sanction for their repeated lies under oath during the pretrial proceedings about a topic essential to Worthington's defense.

**III**

A district court retains jurisdiction to consider motions for sanctions, including attorneys' fees, even after the entry of a judgment on the merits. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Here, Worthington pressed its request for monetary sanctions both before and after the district court entered its order dismissing the action.

Attorneys practicing before the district court must comply with the rules of professional conduct and ethical violations may serve as a basis for imposing sanctions. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1063 (9th Cir. 2007). A court has a "duty to examine the charge of unethical behavior and impose the necessary sanctions." *Erickson v. Newmar Corp.,* 87 F.3d 298, 303 (9th Cir. 1996). In *Gas-A-Tron of Arizona v. Union Oil Co. of California*, we endorsed the Third Circuit's statement in *Richardson v. Hamilton International Corp.*, 469 F.2d 1382, 1385 (3d Cir. 1972), that:

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession.

534 F.2d 1322, 1324 (9th Cir. 1976) (per curiam) (as modified). Courts have an "arsenal of sanctions" for dealing with unethical conduct by attorneys, including monetary sanctions. *Erickson*, 87 F.3d at 303. However, any "sanction imposed must be tailored to curtail the attorney's particular misconduct." *Molski*, 500 F.3d at 1063.

In this case, the district judge stated during the original evidentiary hearing that "what counsel for Mr. Englebrick and Ms. Hernandez knew [was] relevant" to Worthington's sanctions request. The judge also acknowledged that, in order to rule on the sanctions motion, he would "need to hear what [Plaintiffs'] counsel knew and when." However, the district judge never reopened the evidentiary to allow Worthington to question Plaintiffs' counsel on these topics. Without further inquiry, the district judge could not have known when Plaintiffs' counsel learned that Plaintiffs were lying under oath, what actions, if any, counsel then took, and what further sanctions, if any, are appropriate. On this case's unique record, it was an abuse of discretion for the district court not to provide Worthington with the

7

opportunity to make its case through an evidentiary hearing. Accordingly, we vacate the district court's denial of Worthington's motion for monetary sanctions and remand the case to the district court with instructions to reopen the evidentiary hearing.

The district court's dismissal of Plaintiffs' complaint as a sanction for their repeated lies under oath during the pretrial proceedings is **AFFIRMED**, the district court's denial of Worthington's motion for monetary sanctions is **VACATED**, and the matter is **REMANDED** to the district court to allow Worthington an evidentiary hearing on its motion. Costs are awarded to Worthington.