97 So.2d 136 (1957)
Sally PARKER, Appellant,
v.
Edward LeRoy PARKER, Appellee.
No. 57-54.
District Court of Appeal of Florida. Third District.
October 1, 1957.
J.C. Adkins, Jr., Gainesville, for appellant.
Morehead, Forrest, Gotthardt, Greenfield & Greenberg, Miami, for appellee.
PEARSON, Judge.
The appellant was the plaintiff-wife in a complaint for alimony unconnected with divorce. The appellee answered and counterclaimed for a divorce upon the ground of adultery. The final decree appealed from granted a divorce to the defendant-counterclaimant. The assignments *137 of error present three objections to the proceedings: (1) that the evidence is insufficient to sustain a finding of adultery; (2) that the defendant-counterclaimant was barred by his own conduct from the relief sought; (3) that the trial court erred when it withdrew the privilege of plaintiff's out of state counsel to practice before the court. The evidence was examined in the light of these questions and the decree appealed from is affirmed.
In the complaint the plaintiff charged acts of cruelty and also alleged that the defendant forced her to leave the marital home. In his answer the defendant admitted jurisdiction and the marriage, but denied the other allegations of the complaint. An amended counterclaim charged the plaintiff with adultery occurring almost two years after the separation of the parties. The charges were denied by answer to the counterclaim and thereafter plaintiff filed an amended complaint charging defendant with adultery occurring at about the same time. The chancellor found that the charges contained in the amended counterclaim were proved and that those contained in the complaint and amended complaint were not proved. During the trial of the cause the plaintiff was represented by local counsel and a firm from New York City. Several depositions were taken before the trial by the plaintiff largely upon the financial position occupied by the defendant. At the trial the out of state counsel proceeded with this line of investigation and refused the court's suggestion that first the plaintiff should proceed with the establishment of a prima facie case. After this refusal the court withdrew the privilege previously granted to the out of state counsel to practice before the court and requested local counsel to proceed with the cause. Thereupon plaintiff requested that the trial be continued to a later date, and this was done. Several months later the recessed trial was resumed and the same out of state firm represented the plaintiff. The plaintiff's case was conducted by a partner in the same firm but not by the partner whose privilege to practice before the court had previously been revoked.
The 31 F.S.A. Integration Rule of The Florida Bar as amended and as adopted by the Supreme Court of Florida on December 6, 1955, Article II, Section 2, provides as follows:
"No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who had professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
Further, Section 454.11, Florida Statutes 1955, F.S.A., provides as follows:
"Every attorney duly admitted or authorized to practice in this state shall have the right to appear before any court of the state, or any public board, committee, or officer in the interest of any client, and may appear as amicus curiae when so permitted. All attorneys shall be deemed officers of the court for the administration of justice, and amenable to the rules and discipline of the court in all matters of order or procedure not in conflict with the constitution or laws of this state."
The right of an attorney of another state to practice is permissive and subject to the sound discretion of the court to which he applies for the permission. The right to revoke this permission is inherent in the right to grant it. The attorney of another state accorded this privilege is subject to Section 454.11 above quoted. He therefore is amenable to this rule and discipline of the court in all matters of procedure. The attorney, whose *138 privilege was revoked, declined to make himself amenable to said order of the court. An examination of the record does not reveal that the chancellor acted capriciously or that the plaintiff was prejudiced.
The evidence which the chancellor found to prove the adultery of the plaintiff consisted in part of the testimony of a private detective. It is true that the testimony of hired detectives should be scrutinized with great care. 27 C.J.S. Divorce § 139(4), p. 744. This testimony was supported on some points by the testimony of the wife of the private detective who was also a witness. In addition, the record reveals that the plaintiff testified to circumstances which in themselves support the finding of the chancellor. Without discussing the particulars of the evidence, it is sufficient to point out that the testimony of the private detective did not stand alone, and there is sufficient evidence to support the finding of the chancellor on appeal.
"The rule approved by the weight of authority is that if the circumstances proven are such as to lead the guarded discretion of a reasonable and just man to the guilt of the participants that is sufficient." Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; McMillan v. McMillan, 120 Fla. 209, 162 So. 524, 525.
It is urged that the defendant-counterclaimant was barred by his own conduct from the relief sought in his counterclaim. The plaintiff does not contend, nor does the record reflect, that the defendant was in any way responsible for the adulterous acts of the plaintiff. The appellant in her bill of complaint charged that the defendant was guilty of extreme cruelty. In an amended bill of complaint she charged him with adultery. The chancellor found that she failed to establish either of these grounds. The evidence is susceptible to interpretations for or against either party. Conflicting testimony and the credibility of witnesses are matters for the chancellor to decide. Spinella v. Spinella, Fla. 1952, 57 So.2d 588.
The appellant has filed a petition for attorney's fees in this court. From a consideration of the record in this cause, it is apparent that substantial questions were presented for review. The plaintiff is allowed an additional fee of $250 for the services rendered by her attorney upon this appeal. An appropriate order so providing may be entered.
The decree appealed from is affirmed.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.