366 So.2d 462 (1978)
Suetta L. ANDREWS, Petitioner,
v.
ALLSTATE INSURANCE COMPANY et al., Respondent.
No. 78-837.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for petitioner.
*463 Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for respondent Florida Farm Bureau Ins. Co.
DOWNEY, Chief Judge.
By Petition for Writ of Certiorari we are asked to review an order of the Circuit Court disqualifying the law firm of Montgomery, Lytal, Reiter, Denney & Searcy as counsel for the petitioner from representing petitioner in the litigation.
As a result of the death of her husband in an automobile collision, petitioner instituted a wrongful death action against the driver of the other vehicle (a station wagon), the owner thereof, and their respective insurance carriers. In addition, Florida Farm Bureau Mutual Insurance Company, the deceased's uninsured motorist carrier was made a party defendant. On the eve of trial counsel for Florida Farm Bureau filed a motion, joined in by the owner and driver of the station wagon, to disqualify said law firm as counsel for the plaintiff-petitioner on the grounds that said counsel had previously represented the owner of the trailer and its carrier and in that capacity had interviewed the driver and owner of the station wagon under circumstances in which the driver and owner of said vehicle thought that said law firm represented them. Statements were taken from the driver and owner of the station wagon by Mr. Lytal and a material portion of the vehicle was removed for analysis. The movants alleged it was a breach of ethics for said firm now to appear on behalf of the petitioner as plaintiff in said litigation, a position obviously adverse to the defendants. The petitioner contended that Mr. Lytal never advised the owner and driver of the station wagon that he represented them. Petitioner acknowledged that said firm had represented the owner of the trailer and its carrier, but showed that the firm had been released by them to handle this litigation for petitioner.
The trial court heard the testimony of the parties and their witnesses and entered the order complained of on March 17, 1978, disqualifying counsel for petitioner in this cause.
The Petition for Writ of Certiorari alleges the trial court departed from the essential requirements of law in ordering her counsel's disqualification because the prime mover in this effort to disqualify her counsel was Florida Farm Bureau, which has no standing to assert the disqualification. This argument may well have merit, but we can not reach that question because the motion which gave rise to the disqualification was joined in as well by the owner and driver of the station wagon and the order can be upheld based upon their standing and interest.
We reiterate that the order under review is the order of disqualification dated March 17, 1978. It is apparent from the petition, response and appendix filed in this court that a petition for rehearing was filed in the trial court and the court was advised that the owner and driver of the station wagon had withdrawn their joinder in the motion for disqualification. The record indicates that the withdrawal was executed the same day the order under review was entered, but that the court was unaware of the withdrawal when it signed the order under review. The trial court heard argument on the petition for rehearing and we presume it was denied although such an order is not in the record.
The record before the trial court when the order of March 17, 1978, was entered reveals no actual evidence of any impropriety on the part of petitioner's counsel. However, the professional responsibility of a lawyer goes further; it encompasses even the appearance of professional impropriety.[1] We certainly cannot say that the trial judge departed from the essential requirements of law in granting the motion for disqualification based upon the unusual factual situation presented to him. The record reflects that the two individuals whose statements were taken (the owner and driver of the station wagon) thought Mr. Lytal represented them. Thus, when *464 Lytal showed up representing the petitioner-plaintiff one must admit the appearance of conflict existed. We recognize that it is a matter of no small consequence to require a lawyer to withdraw from a case, but with the climate existing today vis-a-vis the Bar's image in the public eye, appearances should be more closely guarded than ever.
Accordingly, the Petition for Certiorari is denied.
DAUKSCH and MOORE, JJ., concur.
NOTES
[1] Canon 9 of the Code of Professional Responsibility.