419 So.2d 402 (1982)
Dean L. BUNTROCK, Petitioner,
v.
Elizabeth A. BUNTROCK, Respondent.
No. 82-1209.
District Court of Appeal of Florida, Fourth District.
September 15, 1982.
A. Matthew Miller and James Fox Miller of Miller & Schwartz, P.A., Hollywood, for petitioner.
George I. Platt of Schwartz & Nash, P.A., Fort Lauderdale, and Sales & Weissman, P.A., West Palm Beach, for respondent.
DELL, Judge.
The petitioner seeks review by writ of certiorari under Rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure, of a trial court's denial of his motion to have foreign attorneys admitted to practice as co-counsel.
Petitioner/husband moved to admit three members of an Illinois law firm as co-counsel in the divorce suit sub judice. The firm has represented the husband for many years. These attorneys are familiar with the facts and circumstances of the divorce suit, the husband's business, and his financial affairs. Respondent/wife objected to their admission to practice in Florida as co-counsel on the grounds that the firm and at least one of the attorneys, Peer Pedersen, also represented her during the marriage, thus raising a conflict of interest. Respondent demonstrated that Pedersen prepared a will for her in 1981 and that the law firm engaged in tax planning for the couple earlier this year. She also presented evidence that Pedersen is one of petitioner's *403 partners in certain businesses which may constitute marital property; that Pedersen is a member of the Board of Directors of Waste Management, Inc., her family's business; and that the principle asset in contention is 600,000 shares of Waste Management stock.
To obtain certiorari review, a petitioner must demonstrate that the trial judge departed from the essential requirements of law. This Court has held that a trial judge did not depart from the essential requirement of law in granting a motion to disqualify a Florida law firm where the firm's continued representation would have resulted in the appearance of professional impropriety. Andrews v. Allstate Insurance Co., 366 So.2d 462 (Fla. 4th DCA 1978). We went on to hold that actual evidence of impropriety need not be shown to disqualify an attorney for possible conflict of interest. Id.
Petitioner argues that no appearance of impropriety exists because no attorney-client relationship ever existed between respondent and the firm. He contends that the firm prepared the will and did the tax planning for respondent as a mere third party beneficiary of his attorney-client relationship. We seriously question the propriety of this argument, but hold only that respondent made a prima facie showing of an attorney-client relationship, which petitioner has failed to overcome.
In the hearing on petitioner's motion, respondent testified that Pedersen had been her father's attorney and that she has known him since she was young. When asked if she told Pedersen all her little financial secrets for purposes of estate planning, respondent replied, "Well, most of the things Mr. Pedersen already knew there because he had been there since I was young." Petitioner contends that respondent has failed to show that she made confidential communications to Pedersen, therefore she cannot establish the appearance of impropriety. The Code of Professional Responsibility protects more than confidential communications, it protects confidences and secrets of a client. Fla. Bar Code Prof. Resp., D.R. 4-101(A) & (B). This protection is broader than the evidentiary attorney-client privilege, and applies even though the same information is discoverable from other sources. Prichec v. Tecon Corp., 139 So.2d 712 (Fla. 3d DCA 1962); see Fla. Bar Code Prof. Resp. E.C. 4-2, E.C. 4-4, E.C. 4-5. Additionally, Pedersen is personally involved in certain business enterprises, including Waste Management, Inc., in which respondent claims an interest. A lawyer shall not use a confidence or secret of his client for the advantage of himself or of a third person. Fla. Bar Code Prof. Resp. D.R. 4-101(B)(3). Although respondent makes no allegation of impropriety, we agree that the situation is fraught with the potential for abuse, and thus raises the appearance of impropriety.
Petitioner attempts to distinguish the Andrews disqualification case on the grounds that its facts were more extreme. However, Andrews dealt with the disqualification of Florida attorneys. Pedersen, an Illinois attorney, is not qualified to practice in Florida. He seeks to become qualified. A practicing attorney of another state, in good standing, who has professional business in a Florida court may, upon motion, be permitted to practice for the purpose of such business. Fla. Bar Integr. Rule, Art. II, subd. 2. The right of a foreign attorney to practice in Florida is permissive and subject to the sound discretion of the court. Parker v. Parker, 97 So.2d 136 (Fla. 3d DCA 1957). Thus, in order to show a departure from the essential requirements of law, petitioner must prove that the trial judge abused his discretion. The facts herein do not demonstrate such abuse.
PETITION DENIED.
LETTS, C.J., and BERANEK, J., concur.