565 So.2d 417 (1990)
Patsy L. CAMPBELL, Petitioner,
v.
AMERICAN PIONEER SAVINGS BANK formerly Known As First Fidelity Savings and Loan Association, Robert Harry Wood, and Olivia D. Wood, Also Known As Dovie O. Wood, His Wife, Respondents.
No. 90-01411.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
Robert Lee Dennis, Okeechobee, for petitioner.
Burton C. Conner of Burton C. Conner, P.A., Okeechobee, for respondents-Woods.
PER CURIAM.
Petitioner seeks review by writ of certiorari of an order of the trial court denying petitioner's motion to disqualify Burton C. Conner as counsel for respondents. We have considered the respective filings of the parties and conclude that the order under review should be quashed.
The subject litigation involved foreclosure of a mortgage on a parcel of real estate. Petitioner contends that Conner represented her in prior matters concerning the same property and involving a certain conveyance thereof, which is relevant and related to the issue in litigation.
Before a client's former attorney can be disqualified from representing adverse interests, it must be shown that the matters presently involved are substantially related to the matters in which prior counsel represented the former client. Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979). We believe there is a prima facie showing of that here. Furthermore, since the Ethics Code's protection of a client's confidences is broader than the evidentiary attorney-client privilege protecting privileged communications, *418 disqualification is indicated here to avoid the appearance of impropriety. Buntrock v. Buntrock, 419 So.2d 402 (Fla. 4th DCA 1982); Andrews v. Allstate Insurance Company, 366 So.2d 462 (Fla. 4th DCA 1978).
Accordingly, we grant the writ of certiorari and quash the order appealed from, and direct the trial court to enter an order of disqualification of Burton C. Conner as counsel for the respondents in this case.
DOWNEY, ANSTEAD and POLEN, JJ., concur.