DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOWARD AND ASSOCIATES ATTORNEYS AT LAW, P.A.,** a Florida
Professional Association, and **TIMOTHY HOWARD,** individually,
Appellant,

v.

**BWCI PENSION TRUSTEES LIMITED** in their capacity as Trustees of
the Deferred Retirement Annuity Trust Scheme A/C REF 1123/055,
**PROVIDENCE CAPITAL HOLDINGS, LLC,** a Nevada limited liability
company, **CAMBRIDGE CAPITAL GROUP, LLC,** a Nevada limited
liability company, **CAMBRIDGE CAPITAL GROUP ADVISORS, LLC,** a
Nevada limited liability company, **A&T DEVELOPMENT, LLC,** a Nevada
limited liability company, **LANCE FRIEDMAN, JEFF KAHN, ADDYS
WALKER, JOSE CORDERO** d/b/a **JOSE ANTONIO PRIVATE
LENDING, LLC,** and individually, and **JIM KEEFER** d/b/a **DIRECT
PRIVATE LENDERS, INC., AND/OR ALTERNATIVE FUNDING
LENDERS, INC.,** and individually,
Appellees.

No. 4D19-1791

[March 4, 2020]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No.
50-2018-CA-004464-XXXX-MB.

Stephanie Reed Traband of Levine Kellogg Lehman Schneider +
Grossman LLP, Miami, and John P. Leonard of McElroy, Deutsch,
Mulvaney & Carpenter, LLP, Morristown, New Jersey, for appellant.

Steven M. Katzman and Charles J. Bennardini of Katzman Wasserman
Bennardini & Rubinstein, P.A., Boca Raton, for appellee, BWCI Pension
Trustees Limited in their capacities as Trustees of the Deferred Retirement
Annuity Trust Scheme A/C REF 1123/005.

GROSS, J.

A law firm and a money manager entered into an "equity" agreement
where the law firm received $640,000 from the money manager.  As

collateral, the law firm pledged attorneys' fees it anticipated from certain cases identified in the agreement. The money manager alleged that the law firm breached the agreement, and it filed suit, asserting actions at law. The money manager moved to compel the law firm to hold the attorneys' fees listed in the collateral and security agreement in trust pursuant to Rule 5-1.1(f) of the Rules Regulating the Florida Bar. The circuit court granted the motion.

The narrow issue in this case is whether Rule 5-1.1(f) authorized the circuit court to issue a prejudgment order requiring the law firm to hold "in trust" attorneys' fees received on cases "until the dispute is resolved." We hold that Rule 5-1.1(f) did not authorize the order because a rule regulating professional conduct does not create substantive or procedural rights for matters left to statute, common law, or rules of procedure.

Appellee, BWCI Pension Trustees Ltd., is a foreign entity that provides pension management services to high net-worth individuals. On January 4, 2018, BWCI entered into an "Equity Plus Bonus" agreement with appellants, Timothy Howard and his law firm, Howard & Associates. The funds in the agreement related to a proposed real estate project in Jacksonville. The agreement provided that appellants would repay the $640,000 on January 19, 2018, along with a $1,000,000 bonus.[1] To secure BWCI's investment, the law firm pledged its entitlement to attorneys' fees from a list of cases contained in a collateral and security agreement.

After filing suit, BWCI moved to compel appellants to hold the attorneys' fees at issue in trust pursuant to Rule 5-1.1(f). The circuit court granted the motion and entered the order described above.

Rule 5-1.1(f) provides:

> **Disputed Ownership of Trust Funds**. *When in the course of representation* a lawyer is in possession of property in which 2 or more persons (1 of whom may be the lawyer) claim interests, the property must be treated by the lawyer as trust property, but the portion belonging to the lawyer or law firm must be withdrawn within a reasonable time after it becomes due unless the right of the lawyer or law firm to receive it is disputed, in which event the portion in dispute must be kept separate by the lawyer until the dispute is resolved. The

___

[1] We do not address the validity of the agreement in this opinion.

>     lawyer must promptly distribute all portions of the property
>     as to which the interests are not in dispute.

(Italics supplied).

Rule 5-1.1(a)(1) states the general rule that a "lawyer must hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in a lawyer's possession *in connection with a representation.*"  (Italics supplied).

BWCI's claim on the attorneys' fees did not arise "in the course of" the law firm's representation of BWCI.  The rule contemplates a connection between a claim to the funds and the underlying case where the attorney's representation occurs.  This is supported by the Comment to Bar Rule 5-1.1, which recognizes that "[t]hird parties, *such as a client's creditors*, may have claims against funds or other property in a lawyer's custody."  (Italics supplied).  Here, BWCI's claim arose not from any legal representation by appellants, but from an arm's length business transaction with them that had no relationship to any of the cases identified in the agreement.

More importantly, Rule 5-1.1 governs ethical conduct of attorneys.  The rule does not create substantive or procedural rights that would support the court order in this case, an area reserved for statutes, rules of procedure, or the common law.

Entitled "Remedies," Paragraph 5 of the parties' agreement states that BWCI has "all the rights and remedies of a secured party under the Code;" that paragraph does not explicitly describe the type of relief granted in the order on appeal.  The agreement defines "Code" as "the Uniform Commercial Code as from time to time in effect in the State of Florida."  Part of Florida's UCC, section 679.601(1)(a), Florida Statutes (2019), generally describes a secured party's options under the Code after a default by the debtor:

>     (1) After default, a secured party has the rights provided in
>     this part and, except as provided in section 679.602, those
>     provided by agreement of the parties.  A secured party:
>         (a) May reduce a claim to judgment, foreclose, or
>         otherwise enforce the claim, security interest, or
>         agricultural lien by any available judicial procedure;
>         and
>         (b) If the collateral is documents, may proceed either as
>         to the documents or as to the goods they cover.

As White and Summers explain,

The Code does not say what the creditor must do to obtain judgment and execution on the debt; state statutes and common law of ancient vintage specify those steps, and they vary somewhat from state to state.

James J. White and Robert S. Summers, *Uniform Commercial Code* (4th ed. 2002) § 34-4.

BWCI used no recognized remedy or procedural device to secure the order at issue in this case. The order was tantamount to an injunction, because it ordered appellants to hold, in trust, attorneys' fees they received from certain cases. But an injunction was improper in this case, because BWCI had an adequate remedy at law. *See Weinstein v. Aisenberg*, 758 So. 2d 705 (Fla. 4th DCA 2000). Also, since the order was a temporary injunction, entered before a final judgment, the order contravened the requirement that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Fla. R. Civ. P. 1.610(b). The order relied on no statutory mechanism available to creditors, such as a Chapter 76 attachment or a Chapter 77 garnishment, both of which require the posting of a bond when orders are entered before judgment. BWCI has called our attention to no provision of Chapter 679 which would authorize the circuit court's order.

BWCI's sole authority for the order was Rule 5-1.1, as utilized in a previous order of the trial judge. That rule does not create substantive legal rights that empowered the circuit court to grant the relief it did. The Preamble to the Rules of Professional Conduct explains why the Rule was improperly applied in this case:

> **Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached.** In addition, violation of a rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. **The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons.** The fact that a rule is a just basis for a lawyer's

self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. **Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating a substantive legal duty.**

Preamble:  A Lawyer's Responsibilities, Rules Regulating the Florida Bar, Rules of Professional Conduct (emphasis added); *see Lee v. Fla. Dep't of Ins. & Treasurer*, 586 So. 2d 1185, 1188 (Fla. 1st DCA 1991).

We reverse the Amended Order Granting Plaintiff's Motion to Hold Attorneys' Fees in Trust and remand for further proceedings.

CIKLIN and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**