David ABNEY, Plaintiff,

v.

WAL–MART, Defendant.

No. 1:96–CV–729.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 16, 1997.

John Gerard Werner, Keith Ellis, Reaud Morgan & Quinn, Beaumont, TX, for Plaintiff.

Alan N. Magenheim, Magenheim Bateman Robinson Wrotenbery & Helfand, Houston, TX, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

SCHELL, Chief Judge.

Before the court is Plaintiff David Abney's Motion to Disqualify Alan Magenheim, filed on October 24, 1997. Defendant filed a response on November 3, 1997. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Plaintiff's Motion to Disqualify should be DENIED.

#### RELEVANT FACTS

Alan Magenheim ("Magenheim") is currently an attorney with the firm Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., in Houston, TX. Magenheim represents the defendant in the present litigation, Wal–Mart.

In July, 1994, Magenheim was a shareholder in the firm of Hirsch, Robinson, Sheiness, & Glover ("Hirsch, Robinson"), in the Houston offices of that firm. While Magenheim was working at Hirsch, Robinson, at some point in time a member of that firm represented David Abney ("Abney"). Abney is the plaintiff in the present litigation, a trip-and-fall case against Wal–Mart. Hirsch, Robinson apparently represented Abney on behalf of Republic Insurance Co. in connection with an auto accident in which Abney was the defendant. Pl.'s Mot., Ex. A.

#### PLAINTIFF'S CONTENTIONS

Abney has not claimed that Magenheim personally represented him in the prior litigation, that Magenheim worked on the file, or that Magenheim even knew anything about the case. However, Abney argues that "two irrebuttable presumptions exist under Texas law: that a client shares confidential information with his attorney, and that the attorney shares that information with his partners." Pl.'s Mot. at 1.

Abney argues that since the prior litigation involved a motor vehicle accident, then the parties' physical conditions were relevant to the prior case. Therefore, since their physical conditions were relevant, then "it must be presumed" that the Hirsch, Robinson attorney who represented Abney must have asked about his physical condition. The knowledge gained in those communications, according to Abney, is then imputed to Magenheim. The imputed knowledge about Abney's prior physical condition, according to plaintiff's counsel, is what disqualifies Magenheim from representing Wal–Mart in this case.

## STANDARDS

██ Motions to disqualify an attorney are substantive motions determined by standards developed under federal law. *In re Dresser Indus.*, 972 F.2d 540, 543 (5th Cir. 1992). Such motions are governed by the ethical rules of the state and national professions. *Id.* In Texas, the Texas Disciplinary Rules are relevant to the disqualification of counsel from litigation, but they are not dispositive. *Id.* at 545 n. 12; *Islander East Rental Program v. Ferguson*, 917 F.Supp. 504, 508 (S.D.Tex.1996). The party seeking the disqualification of an attorney bears the burden of proving that disqualification is warranted. *Islander East Rental*, 917 F.Supp. at 508; *see also Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). "Disqualification is a severe remedy. .[t]he courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic." *Spears*, 797 S.W.2d at 656 (citations omitted).

██ There are two ways in which a former client may bar an attorney from representing an adverse party. Disqualification can be justified: (1) if "the subject matter of the present and former representation are substantially related", or (2) "if [movant's] former attorney possessed relevant confidential information in the manner contemplated by [Texas Disciplinary Rule 1.09(a)(2) ]." *Islander East*, 917 F.Supp. at 509 (quoting *In re American Airlines*, 972 F.2d 605, 615 (5th Cir.1992)) (emphasis omitted). Therefore, Abney can disqualify Magenheim either by showing a substantial relationship between the subject matter of the former litigation and the present litigation, or by showing that Magenheim, because of his former firm's representation of Abney, possesses relevant confidential information that may be used to Abney's disadvantage. *American Airlines*, 972 F.2d at 615.

Similarly, under Texas law, a lawyer can be disqualified under Texas Disciplinary Rule 1.09, which reads in pertinent part: [1]

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client

(2) if the representation in reasonable probability will involve a violation of rule 1.05; or

(3) if it is the same or a substantially related matter.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1997); *see also American Airlines*, 972 F.2d at 615 & n. 2 (holding that the federal test for disqualification and TEXAS DISCIPLINARY R. PROF'L CONDUCT 1.09 are substantively similar.)

## EVIDENCE PRESENTED

As stated above, Plaintiff has the burden of proving a disqualification is necessary. Plaintiff has submitted with his motion a

---

1. Paragraph (b) of Rule 1.09 deals with the imputation of knowledge between a firm's members. Its text, in relevant part, reads: "(b) Except to the extent authorized by Rule 1.10 [relating to former government lawyers], when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a)." Since the Motion is disposed of on other grounds, the court assumes without deciding that imputation of Hirsch, Robinson's knowledge to Magenheim is a correct presumption. *See National Med. Enterprises v. Godbey*, 924 S.W.2d 123, 131 (Tex.1996) ("The attorney's knowledge is imputed by law to every other attorney in the firm. There is, in effect, an irrebuttable presumption that an attorney in a law firm has access to the confidences of ... former clients of other attorneys in the firm.")

redacted letter on Hirsch, Robinson letterhead. The letter indicates that David Abney was the insured on a policy issued by Republic Insurance Company, and that James W. Karel, an attorney at Hirsch, Robinson, represented Abney on behalf of Republic Insurance, in a suit arising from an accident that occurred on July 22, 1994. That is all the information that can be gleaned from Plaintiff's exhibit, and that exhibit is the only piece of evidence submitted with the motion.

## ANALYSIS

### A. Substantial Relationship test

■ "A party seeking disqualification of an attorney based on the attorney's former representation of the party in a substantially related matter must show disqualification to be appropriate through a specific delineation of the 'subject matters, issues, and causes of action' common to both representations." *Islander East*, 917 F.Supp. at 510 (quoting *American Airlines*, 972 F.2d at 614.)

■ As stated above, Abney argues that since the prior litigation involved a motor vehicle accident, then the parties' physical conditions were relevant to the prior case. Therefore, since their physical conditions were relevant, then "it must be presumed" that the Hirsch, Robinson attorney who represented Abney must have asked about his physical condition. Finally, since this is a personal injury case, the information imputed to Magenheim about Abney's physical condition in the prior litigation is relevant to the present litigation.

To satisfy the substantial relationship test, Plaintiff would have to submit some evidence that Abney's physical condition was even at issue, as it is here.[2] Abney would also have to show that his physical condition after the accident is somehow relevant to the injuries now claimed. It is not the role of the court to guess whether either side might argue there was a pre-existing injury. Without evidence of Abney's prior physical injuries, if any, being at issue in the previous case or

the present case, the court is not prepared to guess (1) that such injuries occurred in the previous accident, (2) that they were relevant to the injuries allegedly sustained here, and (3) that one side or the other in this litigation is going to put Abney's pre-existing injuries or condition into issue in this case.

Without a specific delineation of the common subject matters, issues, and causes of action that are substantially related between the two matters, and evidence to sport same, plaintiff's motion for disqualification of counsel based on the theory that the former and present matters are substantially related must be denied.

### B. Confidential Information

■ In cases where a substantial relationship between the attorney's former and current representation has been established, an irrebuttable presumption arises that confidential information has been given to the attorney. *Islander East*, 917 F.Supp. at 510. In this case, however, a substantial relationship has not been established. *See Section A, supra.*

However, Texas Disciplinary Rule 1.09(a)(2) also requires disqualification if the present representation in reasonable probability will involve a violation of Rule 1.05. Rule 1.05(b)(3) prohibits the use of "confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(b)(3); *see also American Airlines*, 972 F.2d at 615; *Islander East*, 917 F.Supp. at 512–513.

■ Plaintiff's motion and supporting evidence must "adequately identify the disclosures made to [his former attorneys] ... to allow the Court to determine whether disqualification is warranted" under the confidential information theory. *Islander East*, 917 F.Supp. at 511. Abney does not have to

---

**2.** Just because Abney is the named insured on a policy that was sued upon does not necessarily mean that Abney was hurt. In fact, it does not even show whether Abney was in the car when

the prior accident occurred. The evidence submitted to the court only shows that Magenheim's former firm defended a policy held in Abney's name.

**530**

disclose to the court exactly what information was passed from client to attorney. *Id.* at 512–513. However, a former client arguing for disqualification must make some sowing that some substantive conversations between the former client and the attorney occurred which contained information relevant to the present litigation. *Id.* Abney has made no such showing. Instead, Abney argues that the court should "presume" some relevant information was passed from Abney to his attorney at Hirsch, Robinson, which information should then be imputed to Magenheim. Without evidence, the court declines the invitation to engage in presumption.

Further, the prohibition under Rule 1.05 has an exemption if (1) the former client consents to the representation of his adversary; or (2) the information becomes generally known. In a personal injury case, the plaintiff is required to make mandatory disclosures of relevant information concerning his prior physical condition and injuries. Therefore, any information regarding Abney's injuries in the prior litigation would have to have been provided to Wal–Mart under FED. R. CIV. R. 26. The presumed information imputed to Magenheim is not confidential since it has to be disclosed, unless Abney can show otherwise. As Defendant argues in its response to Plaintiff's motion, "Plaintiff has simply not identified any 'confidential' information in his Motion to Disqualify which he is not already obligated to disclose ..." Def.'s Resp. at 3–4; *see Metropolitan Life Ins. Co. v. Syntek Fin. Corp.,* 881 S.W.2d 319, 321 (Tex.1994) (trial court was proper in refusing a motion to disqualify where the alleged confidential information was available through discovery and available publicly).

*C. Waiver*

■ Finally, the court finds that Abney has waived any objection to Magenheim's representation of Wal–Mart. Waiver of a motion for disqualification of counsel is proper where the delay in moving for a disqualification is for an extended period of time, or where it is done on the eve of trial. *See Trust Corp. of Montana v. Piper Aircraft Corp.,* 701 F.2d 85, 87–88 (9th Cir.1983)

(waiver where disqualification not raised for more than two and a half years after notice of representation, and raised on the eve of trial); *Central Milk Producers Co–op. v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th Cir.1978) (waiver found where disqualification motion brought more than two years after notice of representation); *Employers Ins. of Wausau v. Albert D. Seeno Constr. Co.,* 692 F.Supp. 1150, 1165–1166 (N.D.Cal. 1988) (waiver where disqualification motion not made until well over a year after the moving party became aware of conflict); *cf. Islander East,* 917 F.Supp. at 507–508 (no waiver where conflict raised just four months after action was initiated).

■ This case was filed in state court on October 11, 1996. Wal–Mart, through Magenheim, removed the case to federal court on November 27, 1996. Therefore, one year before the date of this motion, Abney knew who was representing the defendant. Further, only Abney and his counsel were in a position to know about the conflict, since there is no evidence that Magenheim even knew who Abney was or that his former firm had represented Abney. Finally, one month before the date of trial, and just one week from the final trial setting, Abney filed a Motion to Disqualify. Granting the Motion, even if it were meritorious, would work too great an injustice on the Defendant.

CONCLUSION

Plaintiff has failed to carry its burden of proof in order to disqualify Magenheim from representing Wal–Mart in this cause. Further, Plaintiff has waived any objection to Magenheim's representation by waiting over a year to object to the conflict, and waiting until the eve of trial. Plaintiff's Motion to Disqualify is hereby DENIED.