# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-IA-01719-SCT

*RICHARD COLSON, M.D.*

*v.*

*ROBERT JOHNSON, ADMINISTRATOR OF THE ESTATE OF MELISSA JOHNSON, DECEASED, ROBERT JOHNSON, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF MELISSA JOHNSON, WILLIAM DAVID HEMINGWAY, NATURAL FATHER OF SHANE DAVID JOHNSON, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/1998 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEPHEN GILES PERESICH |
| | KAARA LENA LISKOW |
| ATTORNEY FOR APPELLEES: | L. CHRISTOPHER BREARD |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 06/08/2000 |
| MOTION FOR REHEARING FILED: | 6/22/2000; denied 8/24/2000 |
| MANDATE ISSUED: | 8/31/2000 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## McRAE, JUSTICE, FOR THE COURT:

¶1. This interlocutory appeal is from an order entered November 16, 1998, by the Harrison County Circuit Court denying the Appellant, Dr. Richard Colson's ("Colson"), motion to disqualify plaintiffs' attorney, L. Christopher Breard ("Breard"). The underlying lawsuit is a wrongful death, medical malpractice action brought against Colson, arising out of the January 7, 1994, death of 16-year-old Melissa Johnson and the January 8, 1994, death of her infant son, Shane. The trial court's order, entered on November 16, 1998, held that Colson failed to move for disqualification early enough and as a result waived his right. Specifically, the trial court held that "a grave and irreparable injustice would result to the Plaintiffs if the Court disqualify their attorney four months prior to the date of trial after he pursued the complicated issues of the instant action for almost three years on behalf of the Plaintiffs." It was the trial court's opinion that Colson "held the right to have the Plaintiff's attorney disqualified in reserve for tactical purposes until it would be most helpful to his position." We affirm the trial court's order denying Colson's motion to disqualify.

## I.

¶2. On January 5, 1996, this wrongful death action was brought against Dr. Colson and others for the deaths of Melissa Johnson and Shane David Johnson by Robert Johnson ("Johnson"). On April 15, 1996,

Colson answered the complaint and filed interrogatories and requests for production of documents. On January 30, 1998, counsel for Colson was served with supplemental discovery answers which identified Dr. Neil Wolfson, a board certified obstetrician, as the expert witness. According to Colson's attorney, it was not until they conducted a background investigation of Dr. Wolfson that they discovered that Plaintiffs' attorney, Breard, had previously represented Colson in 1989.[(1)](#) They also discovered that Dr. Wolfson was an expert for the plaintiffs in *Thompson* and was deposed by Breard, who was at the time defending Colson.

¶3. Upon learning this information, Colson requested that Breard disqualify himself from further representation of the plaintiffs in this case. Breard denied this request, and Colson thereafter filed a motion to disqualify. After a hearing on this matter, the trial court, on November 16, 1998, entered an order denying Colson's motion, but did not expressly rule as to whether Breard should be disqualified from representing plaintiffs pursuant to [Rule 1.9 of the Mississippi Rules of Professional Conduct](#). Instead, the trial court held that Colson failed to move for disqualification at the earliest practical opportunity and, therefore, waived his right to have Breard disqualified. [(2)](#) Colson now appeals this matter before this Court in the form of an interlocutory appeal, which we granted pursuant to [M.R.A.P. 5](#).

## II.

## STANDARD OF REVIEW

¶4. Little case law exists in Mississippi with regard to the standard of review of a trial court's decision of a motion to disqualify an attorney. In ***Quick Change Oil & Lubrication Co. v. County Line Place, Inc.*** 571 So.2d 968, 970 (Miss. 1990), we held that manifest error applies only to review of findings of fact and that the court has broad discretion.

## III.

¶5. Johnson brings forth two assignments of error before this Court; however, we will address only one since it is dispositive.

### A. WHETHER THE TRIAL COURT CORRECTLY RULED THAT DR. RICHARD COLSON WAIVED HIS RIGHT TO HAVE ATTORNEY BREARD DISQUALIFIED AS COUNSEL FOR JOHNSON

¶6. The trial court held that Colson waited too long to raise the disqualification issue and as a result waived his right to have Breard disqualified. Colson argues that the trial court erroneously denied his motion to disqualify based on the complexity of the issues presented in the case, the numerous parties involved, the substantial preparation by the attorneys, the length of time between the filing of the complaint and the filing of the motion to disqualify, and the proximity to the date of the trial.

¶7. Colson claims that there was no delay in this case because action was taken to disqualify Breard immediately upon learning of Dr. Wolfson's and Breard's involvement in the *Thompson* case.

¶8. Johnson argues waiver, in that prior to the motion to disqualify, the complaint was answered, discovery propounded and in July of 1997, Colson was deposed by Breard. The motion to disqualify failed.

¶9. The case of ***Abney v. Walmart***, 984 F. Supp. 526 (E.D. Tex. 1997), held that a motion to disqualify is

properly denied when there has been a delay for an extended period of time before moving for disqualification. While Mississippi law is somewhat limited on the issue of disqualification, it is clear. In *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So.2d 1205, 1217 (Miss. 1996), this Court stated:

> In cases involving successive representations, a party is required to move for his former lawyer to be disqualified as soon as he is aware of the conflict, provided the motion for disqualification or the granting thereof would not place the former client at an unfair disadvantage. . . The client cannot hold the right in reserve for tactical purposes until it would be most helpful to his position. Failure to move for disqualification at the earliest practical opportunity will constitute a wavier.

¶10. A close inspection of the documents in the record show that the instant case is not the only case in which Breard has had adverse proceedings against Colson. Breard, since the inception of the instant case, represented a minor child, Brandon Necaise, in another medical malpractice case against Colson. That case was settled, and the settlement documents were actually prepared by the law firm which represents Colson in this case. Yet at no time did Colson or his representatives raise the issue of conflict in this case. It is also important to once again note that Breard took a videotaped deposition of Colson on July 17, 1997. There was no objection to Breard representing Johnson at the time of the deposition. An entire year passed by before any such objection was made.

¶11. The evidence presented shows that it was well within the trial court's discretion to base its decision on the motion to disqualify on the waiver by Colson. This issue is without merit.

## IV.

## CONCLUSION

¶12. If Colson had any basis for disqualification, he waived his right by his failure to move for such in a timely manner. The trial court was justified in finding waiver under the facts above and its action was not an abuse of discretion. The trial court's order denying Colson's motion to disqualify is hereby affirmed.

¶13. **AFFIRMED**.

> **PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR**.

1. The case of *Clayton E. Thompson, Jr. and wife, Mari Thompson v. Board of Trustees of Memorial Hospital at Gulfport, consisting of Shannon Waller, et al.; Dr. Ira E. Gaddy, Jr., Dr. J. Hurd Gaddy; Dr. Richard L. Colson, and Dr. Oney C. Raines, III* was filed in the Circuit Court for the First Judicial District of Harrison County, Mississippi, Case No. 16,684.

2. The court in effect ruled that even if there were grounds for objection to Breard's representation, those objections had been waived by Colson's actions; and therefore, the court was not required to examine those facts.